## KOSOVAC *v*. STATE OF INDIANA.

[No. 13,771. Filed January 30, 1930.]

*Daniel L. Bock, Homer R. Miller* and *George C. Uhlir,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—The appellant was charged in an affidavit in three counts: First, with the unlawful possession of intoxicating liquor; second, with the sale of intoxicating liquor; and third, with maintaining or assisting in maintaining a nuisance in connection therewith.

There was a trial by the court and a finding of guilty

on each count of the affidavit, and the appellant was sentenced to pay a fine of $100 and costs on each of the three counts, and that he be imprisoned for 120 days on each of the three counts.

The only question presented is the sufficiency of the evidence to sustain the finding of the court.

The appellant was the owner of premises known as 3545 Michigan avenue, East Chicago, Indiana. He claims to have leased it to one Swanson who was in the premises at a certain time when the sheriff of Lake county and his deputy went there and obtained liquor from said Swanson. The appellant was not there at that time. John Buzinski, a police officer who had lived in East Chicago for six years and was acting as such on November 7, 1928, the date in question, says that he searched the premises on that day, but did not find any liquor, but the appellant had been the proprietor and operator of that place prior to that day for more than a year. The appellant told the officer that up to the time he had been arrested, a month before, he had been selling intoxicating liquor, and that he had been arrested three times for violating the liquor law.

The appellant testified that he had been out of business about two weeks before the sheriff bought the liquor at his place on October 23, 1928, from the man Swanson, whom he claims was only in there 10 days; and that he had rented his place to Swanson under a written lease prepared by one Hyman Cohen. The lease was not offered in evidence, and Cohen denied ever having prepared the lease. Appellant further testified: That he had living rooms on the premises above the place where the liquor was sold; he came and went to his living rooms through the business part of the building; and that he fired the furnace in the building.

If the appellant had not testified in his own behalf it is doubtful whether there would have been sufficient

evidence to sustain a conviction, but, when the appellant's testimony concerning the execution of a written lease of the premises to Swanson was contradicted by Hymen Cohen, the jury had a right to conclude that Swanson was not a tenant but an agent of the appellant, and with this testimony in addition to that adduced by the state, there was sufficient evidence to warrant a finding of guilty.

Judgment affirmed.